A06A1174. IN THE INTEREST OF S. V., a child.
(636 SE2d 80)

BERNES, Judge.

The Whitfield County Juvenile Court terminated the parental rights of the mother and father of the minor child, S. V. The mother appeals, but does not challenge the termination of her parental rights. She asserts only that the trial court erred in finding that S. V.'s aunt and uncle were not a suitable placement for S. V. and that relative placement was not in the best interest of the child. For the reasons that follow, we affirm.

1. Appellant contends that the juvenile court failed to thoroughly investigate the possibility of S. V.'s placement with her maternal aunt and uncle. We disagree.

OCGA § 15-11-103 (a) (1) provides:

> If, upon the entering of an order terminating the parental rights of a parent, there is no parent having parental rights, the court *shall first attempt* to place the child with a person related to the child by blood or marriage or with a member of the child's extended family if such a person is willing and, *after study by* the probation officer or other person or *agency designated by the court*, is found by the court to be qualified to receive and care for the child, if the court determines such placement is the most appropriate for and in the best interest of the child.

(Emphasis supplied.) Where some evidence exists showing compliance with the dictates of this provision, there is no basis for reversal. See *In the Interest of A. M.*, 275 Ga. App. 630, 634 (3) (621 SE2d 567) (2005); *In the Interest of G. B.*, 263 Ga. App. 577, 583 (2) (588 SE2d 779) (2003).

The record reveals that on August 17, 2004, S. V. and her brother, P. V., were removed from their mother's home and taken into Department of Family and Children Services (DFCS) custody. At the time of their removal, S. V. was a one-year-old toddler and P. V. was five years old. Initially, the children were placed in separate foster homes/emergency shelters, but a DFCS report noted that the agency was attempting to place both children together. DFCS records show that the mother provided the name of the maternal aunt as a possible relative placement and that in November 2004, DFCS placed P. V. in the home of the maternal aunt and uncle. According to a Whitfield County DFCS case manager, the maternal aunt and uncle were ineligible at that time for placement of both children because they lacked adequate financial resources and sufficient living space. Consequently, in December 2004, S. V. was placed in the foster home in which she currently resides.

On August 4, 2005, DFCS filed the petition to terminate the rights of S. V.'s parents. Shortly thereafter, the maternal aunt and uncle moved into a two-bedroom apartment in Cobb County. A Cobb County DFCS case manager evaluated their home for S. V.'s potential placement. According to a DFCS report issued on August 17, 2005, the aunt and uncle's home was "fully approved" and S. V.'s move there would be supported provided "the visit[s] go well."

A Pro Family representative supervised 12 visits of S. V. at the maternal aunt and uncle's home. At the termination hearing in October 2005, the representative testified that while S. V. had an unusually strong bond with her brother, P. V., the maternal aunt and uncle did not interact with the child and were not bonded with her.

In its order terminating parental rights, the juvenile court found that DFCS had made "reasonable efforts to find suitable relative placement for S. V., without success." The court noted that the maternal aunt and uncle had known for 12 months that they would need a larger apartment to be considered for S. V.'s placement, but had only recently obtained a larger living space. Significantly, the court found that "credible" evidence had been presented showing that the maternal aunt and uncle had not bonded with S. V. and that it was not in the best interest of S. V. to be placed in their custody.

Thus, the record reveals that the maternal aunt and uncle were considered and investigated as a potential relative placement for S. V., notwithstanding appellant's claims to the contrary.

2. Appellant also claims that the juvenile court abused its discretion in finding that relative placement was not in the best interest of the child. "[OCGA § 15-11-103 (a) (1)] does not require a trial court to give preference to family members in making a placement of a child following termination of parental rights. Rather, the statute states that a placement shall be made ['if the court determines such placement is the most appropriate for and in the best interest of the child']." (Punctuation and footnote omitted.) *In the Interest of B. R. W.*, 242 Ga. App. 232, 240 (3) (530 SE2d 5) (2000). "A trial court's determination that placement with a relative is not in the best interest of the child will not be disturbed by this Court absent an abuse of discretion." (Citation and punctuation omitted.) *In the Interest of J. W. M.*, 273 Ga. App. 20, 25 (3) (614 SE2d 163) (2005).

Here the record supports the trial court's determination. At the hearing in this case, the foster mother testified that S. V. had been in her and her husband's care for over ten months and was doing very well. She further testified that S. V. had bonded with her and her husband, felt secure with them and referred to them as "mommy" and "daddy." The foster mother also stated that she and her husband wanted to adopt S. V. In contrast, and as previously noted, there was testimony that S. V. had not bonded with her maternal aunt and uncle.

While appellant contends the trial court disregarded evidence of S. V.'s strong bond with her brother, the record reflects otherwise.[1] The juvenile court specifically referred to the sibling bond in its order, but chose to accord it less weight than other factors militating for placement of S. V. with the foster family. We are not authorized to substitute our judgment for that of the juvenile court. "The trial court had the opportunity to question and observe the parties and witnesses, and possesses a wide discretion in determining the issues before [it], and if the judgment is supported by any evidence and is not clearly erroneous, an appellate court is not authorized to set it aside." (Citations and punctuation omitted.) *In the Interest of W. W. C.*, 210 Ga. App. 492, 496 (2) (436 SE2d 685) (1993). Because there was evidence supporting the juvenile court's findings as to the best interest of the child, its judgment must be upheld. See *In the Interest of J. W. M.*, 273 Ga. App. at 25 (3); *In the Interest of C. L. R.*, 232 Ga. App. 134, 139 (3) (501 SE2d 296) (1998).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

---

[1] We have held that possible placement with a sibling is a factor the court should weigh in determining the best interest of the child. See, e.g., *In the Interest of D. T.*, 251 Ga. App. 839, 844 (2) (555 SE2d 215) (2001).

DECIDED AUGUST 29, 2006.

*Meron Dagnew, Bentley C. Adams III*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Bruce A. Kling*, for appellee.